M. C. LISK v. M. A. MATHIS.

Action of damages for a malicious arrest and imprisonment. Damages disallowed.

APPEAL from the Fourth District Court, of New Orleans, *Reynolds*, J. *Wolfe & Singleton*, for plaintiff. *Race & Foster*, for defendant and appellant.

BUCHANAN, J. This is an action sounding in damages for a malicious arrest and imprisonment, upon the following affidavit:

"Before me, *Elihu Terry*, a Justice of the Peace in and for the parish of Carroll, State of Louisiana, on this 25th day of January, 1853, personally appeared *Marshall A. Mathis*, who being first duly sworn, says, that a man named *Manly P. Lisk* is fraudulently and unlawfully in possession of the wreck of the steamboat Western World, at the foot of Island No. 93, in the Mississippi River, and that the said *Lisk* is engaged, contrary to law, in removing the cargo and other property from said wreck. Deponent further says, that he is the duly authorized agent of the several Insurance Companies interested in said wreck, and cargo, and that the said *Lisk* persists in holding possession of said cargo, contrary to the wishes of deponent, and in defiance of law, and is fraudulently and feloniously carrying away and removing portions of the freight, &c, from said wreck."

Upon this affidavit a warrant was issued for the arrest of *Lisk*, and he was brought before the magistrate, who, after a full examination of the witnesses, bound *Lisk* over for his appearance before the District Court of Carroll Parish. He remained one night in prison, before giving the bail required by the magistrate, which was three hundred dollars. A bill of indictment was laid before the Grand Jury at the next term of the court, which ignored the same.

Plaintiff alleges that the allegations in the affidavit contained are utterly false ; and that defendant knowingly and with malice availed himself of the forms of law, to persecute plaintiff, to break him up in a rival business, and to deprive him of his liberty. He claims ten thousand dollars damages.

The answer of defendant denies malice, asserts that there was probable cause for the prosecution of *Lisk*, and sets forth in detail the facts, as they were afterwards established by proof on the trial.

The jury gave five hundred dollars damages to plaintiff; and defendant appeals.

The evidence shows that the steamboat Western World was sunk in the Mississippi River about the middle of December, 1852. The wreck lodged or grounded on a bar near Island 93, where she was covered with water by a rise in the river. The Western World and her cargo were insured in various offices in New Orleans and St. Louis ; and the defendant *Mathis* was authorized by all the underwriters of the vessel and cargo to take possession of and save what could be saved from the wreck, for their account. We must suppose that the

insured had abandoned, and that the abandonment had been accepted.   The underwriters were therefore the owners of the sunken property, and had the right to dispose of and control it; and defendant, who is a proprietor of diving bells, and follows the business of wrecking, was their duly authorized agent in the premises.   Having this authority, defendant presented himself at the scene of the accident, ascertained the position of the wreck, (then under water), fixed land marks pointing out that position, and went down the river for his diving bell boats, with which to commence operations; leaving a person residing in the neighborhood in charge for him.   A few days after defendant's departure, the plaintiff, who is also a wrecker by profession, came to the place with a diving bell boat, and inquired for the situation of the Western World, telling defendant's agent that he (plaintiff) wanted to *wreck* her.   Defendant's agent inquired of plaintiff where defendant was, and was answered by plaintiff that defendant's boats were *destroyed*, and that defendant was not coming back to the wreck. Defendant's agent then inquired of plaintiff if he was authorized to take possession of the wreck, and was answered that he was; whereupon the agent showed plaintiff the landmarks of the wreck, and plaintiff anchored his boat over it. Some days after this, defendant returned and claimed possession of the wreck, but was set at defiance by plaintiff, who no longer pretended any authority from the owners, but placed himself upon a pretended custom of wreckers, as being the first in possession.   Defendant then went before a magistrate and made the affidavit for plaintiff's arrest.   The officer who arrested plaintiff proves that in quitting his diving bell boat, he told his crew that they were anchored over the Western World, and to hold possession until his return.

Under these circumstances, we view this as one of the most unfounded claims for damages for a malicious arrest, that has ever come before us.   The plaintiff, by false statements, obtained possession of property which was in the charge of defendant for its lawful owners.   The defendant, instead of resorting to violence to regain possession, a course of proceeding unfortunately too common on our western rivers, testified his respect for the laws by resorting to the aid of the magistrate against a trespasser and a wrong-doer.   For the plaintiff has not even attempted to prove that he had any authority from the owners of the property sunk.   His counsel have argued the case upon principles which only apply to property derelict and abandoned; which was not at all the case in reference to the property in question.

It is needless that we should cite the authorities which declare that malice and want of probable cause are indispensable prerequisites to recovery in this sort of action.   The petition contains allegations of malice and want of probable cause; but the proof is more than deficient; it is contrary to these allegations.   It is true, plaintiff had not yet taken out any of the cargo of the Western World at the time defendant made his affidavit.   But his acts and his declarations alike rendered it positive that he was about doing so.   He had made all his preparations for the purpose.   And there can be no doubt that the only thing which prevented its accomplishment, was plaintiff's arrest.   It would be of the worst example, to punish this defendant for resorting to law for the protection of his rights, rather than taking the chances of a resort to arms, or tamely abandoning the field to an usurper.

Judgment reversed; and judgment is hereby rendered for defendant, with costs in both courts.